# The Magnotti Law Firm PLLC
## Attorneys At Law

April 1, 2010

**Filed Electronically, &
By Fax: (718) 613-2365**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn: Judge Cheryl L. Pollak

   Re: The Gerffert Company, Inc. and Stephen Panigel v.
     James Dean, Andrea Bonella, Dolores King, et al.
     Civil Action No.: 09-266

Dear Judge Pollak:

  I am writing this letter to comment on the letters from Mr. Taillieu and Mr. Reich. I do not intend to address all allegations of all the letters in any depth. As you are aware the subpoena was so ordered and appropriately served and is returnable on April 7, 2010. As of this date I have received no motion pursuant to Rule 45. I did have, what I believe was a discussion towards some mutual accommodation with Mr. Reich. Unless there is a proceeding directly concerning the subpoena I will not respond to those comments.

  Given that, however I would still like to address aspects of the letters.

  I respectfully disagree with Mr. Reiter's statement in his letter dated March 25, 2010, that "the Quadriga litigation" is nowhere addressed in the pleadings" of this action. Exhibit "B" attached to the compliant in this action specifically mentions the Quadriga matter and the counsel fees which Mario Bonella is demanding that Gerffert share in that exhibit are the very same fees paid by Gerffert to Sonnenschein, Nath & Rosenthal, LLP pursuant to the retainer agreement in the Quadriga action. I am enclosing copies of both exhibit "B" and the Sonnenschein retainer.

  I also take issue with portions of Mr. Reich's letter dated March 29, 2010. While there are statements with which I disagree, I will for brevity sake, only address what I believe to be to be the most glaring assertion of privilege against Sonnenschein's own client Gerffert. It is obvious to me from the retainer, (a copy of which is attached) that

1

Gerffert was a co-equal client with Fratelli Bonella.  There was no distinction drawn between them in the retainer.  Nor did Gerffert ever sign either a joint defense agreement or any agreement which limited access to the file in any way.  In my opinion, both clients have an equal right to a copy of the Quadriga file.  Moreover, as of this time, Mr. Taillieu, the current attorney for the "Bonella's" has not raised any objection based on privilege.  It is hard to understand how the prior attorney, Mr. Reich could.

In the Quadriga case, Gerffert and Bonella were partners, agreeing to share the litigation expenses as well as what was expected to be a very substantial damage recovery for copyright infringement against Quadriga Art, Inc.  The case was settled by Fratelli Bonella, with the help of both Sonnenschein and Arent Fox, against Gerffert's wishes and over Gerffert's objection.  More than a year prior to that settlement, both law firms abruptly and without explanation excluded and shut Panigel and Gerffert out from any written or regular telephone communications in a systematic and purposeful way. I have been advised that Panigel was advised by Allen Reiter that any information about the Quadriga case was considered "privileged and confidential" as between the law firms and Fratelli Bonella, and no information would be disclosed to Panigel.  Except for attorneys' attempts to persuade Panigel to agree to the proposed settlement or to sign a so-called "joint defense agreement," Panigel had no communication with either law firm until I contacted Mr. Reich last year.  Neither firm ever withdrew or was relieved as Gerffert's counsel and we believe both firms remained on the Quadriga case as co-counsel until its conclusion. There is a pattern of stonewalling and the improper assertion of privilege against one's own client.

In my opinion there are factual errors and mis-statements in Mr. Taillieu's letter but I do not wish to labor the court with addressing them.  What we do ask, is that pursuant to your order (of 3/18/10), when the Quadriga file is produced that Your Honor pay particular attention to the following:

1. documents and communications occurring after November 13, 2007;
2. documents and communication on which Stephen Panigel or Gerffert was not copied;
3. any document sent by, received by or mentioning Christian Collova;
4. any document or communication mentioning or referring to the heirs of Adolfo Simeone;
5. any document sent by, received by, signed by or referring to Kitty Tauber;
6. all communications sent and received by Andrea Bonella;
7. all attorney opinion letters and legal memoranda;
8. all retainer agreements;
9. all settlement agreements and documents including drafts and all communications relating thereto;
10. all communications with Patrick Del Duca and/or Zuber & Taillieu including any joint defense agreement.

As is stated in exhibit "B" annexed to the complaint, Mario Bonella reaffirmed Gerffert's distribution contract as an inducement to convince Panigel to share legal

2

expenses in the Quadriga matter. After doing everything that Bonella asked, Gerffert's contract was breached and Gerffert was excluded from the Quadriga litigation, which was thereafter settled contrary to Gerffert's interests and over its objection. Contrary to counsel's assertions in their letters, it is precisely the memoranda and communications regarding the copyright issues in the Quadriga matter, and the way those issues were presented at various points in that litigation, which will reveal the subterfuge which was attempted in order to "persuade" Mr. Panigel to settle the case according to the Bonellas' wishes. We believe what occurred in the Quadriga case closely mirrors what happened in this case. These issues are separate from the jurisdictional issues and are substantive issues in the case, and the Quadriga file contents are relevant.

I will leave to the court's discretion and their memory at what occurred at the settlement conference. I believe our position was, that we attempted continually to compromise on the question of discovery. This was not the first time that we have attempted to deal with that issue. We have been stonewalled continually. I don't believe there is any confusion in what occurred at our conference, it is clear.

Thank you for your consideration, we will be present at the conference by the Court on April 14, 2010. In addition counsel have all requested, consent to the discovery extension from April 2, to April 12. If such a request is made by all parties plaintiff requests the same extension.

Counsel for Bonella has requested to adjourn the April 14, 2010 conference to April 22, 2010. I am advising by a copy of this letter I am unavailable on that date but I would be available on either April 21, 2010 or April 23, 2010, if the Court grants their request for an adjournment. My client is most anxious to have this, matter resolved.

Respectfully,

THE MAGNOTTI LAW FIRM PLLC

By: *[signature]*
JOSEPH E. MAGNOTTI

JEM/jw
Encl.
cc:    Callan, Koster, Brady & Brennan, LLP
       Mkandler@ckbblaw.com
    Zuber & Taillieu, LLP
       Kshenkman@ztllp.com
    Dougherty, Ryan, Giuffra, Zambito & Hession
       peterzambito@aol.com
    Sonnenschein Nath & Rosenthal, LLP
       areiter@sonnenschein.com
    Arent Fox LLP
       areiter@arentfox.com