# The Magnotti Law Firm PLLC

*Attorneys At Law*

July 7, 2010

**Filed Electronically, &**
<u>By Fax: (718) 613-2185</u>
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1227
Brooklyn, New York 11201

    Re: **The Gerffert Company, Inc. and Stephen Panigel v.**
        **James Dean, Andrea Bonella, Dolores King, et al.**
        **Civil Action No.: 09-266**

Hon. Kiyo A. Matsumoto:

    I am in receipt of Mr. Shenkman's letter to you dated June 28, 2010. For the following reasons, I believe counsel's request for a pre-motion conference in anticipation of a motion to disqualify me as counsel of record for the plaintiffs and directing Mark Horowitz, Gerffert's house counsel to cease his involvement in the case should be denied.

    **Waiver:** By letter-motion dated June 4, 2010, addressed to Magistrate Judge Pollak, Mr. Shenkman moved on behalf of his clients, Fratelli Bonella, Srl., William J. Hirten Co., LLC. and Andrea Bonella for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(G), requiring that many discovery responses and documents produced by his clients be deemed "confidential." Mr. Shenkman's application further sought the right to mark any such "confidential" documents or responses as "counsel only" (not to be reviewed by or discussed with the plaintiffs). In my letter-response to Mr. Shenkman's letter motion dated June 14, 2010, I identified Mark Horowitz as Gerffert's house counsel and his involvement in the case. I believe Mr. Shenkman had two (2) days, until June 16, 2010, to reply to my said letter-response [see local civil rule 6.1(a)]. I submit that any objection Mr. Shenkman had to my or Mr. Horowitz's involvement in the case should have been raised in a reply filed regarding the letter motion pending before Magistrate

1

Judge Pollak. Mr. Shenkman waived any such objection in that he failed to file any reply to my June 14, 2010, letter-response.[1]

**Pending Motion:** If Judge Pollak denies Mr. Shenkman's motion for a protective Order, there will be no "confidential" documents or discovery responses which anyone could see. I ask that the court hold counsel's request for a pre-motion conference in abeyance until Judge Pollak decides the previous motion since a denial of defendants' request for the imposition of a confidentiality (protective) order would render counsel's application for disqualification moot. No response to his request and our response were received as of today.

**Standing:** In his letter, Mr. Shenkman implies that the motion to disqualify me and to order Mr. Horowitz to cease his involvement in the case will be made on behalf of all three of his clients, Fratelli Bonella, Srl., William J. Hirten Co., LLC., and Andrea Bonella. It is not even claimed that Mr. Horowitz ever represented William J. Hirten Co., LLC. or Andrea Bonella (except in his capacity as a member of Fratelli Bonella, Srl.). Defendants William J. Hirten Co., LLC. and Andrea Bonella lack standing to make any motion for disqualification of counsel or related relief.

The defendants have a long history of thwarting every attempt at disclosure in this case. More then eighteen months after the commencement of this action, I have received virtually no disclosure from any of the defendants. Mr. Shenkman's request for a pre-motion conference should be denied.

Respectfully,

THE MAGNOTTI LAW FIRM PLLC

By: *Joseph E. Magnotti*
JOSEPH E. MAGNOTTI

JEM/jw
cc:  Callan, Koster, Brady & Brennan, LLP
     Mkandler@ckbblaw.com
   Zuber & Taillieu, LLP
     Kshenkman@ztllp.com
   Dougherty, Ryan, Giuffra, Zambito & Hession
     peterzambito@aol.com
   Hon. Cheryl L. Pollak (By Fax: (718) 613-2365)

---

[1] Mr. Shenkman filed the present letter before Your Honor when all previous applications that had been made by Mr. Shenkman's firm, were made returnable before Judge Pollak, (although Judge Pollak is carbon copied on his letter).