UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE GERFFERT COMPANY, INC., et al.,

                Plaintiffs,

      - against -

JAMES DEAN, et al.,

                Defendant.
------------------------------------------------------X

**O R D E R**

09 CV 266 (KAM)

On January 22, 2009, plaintiffs The Gerffert Company, Inc. ("Gerffert") and Stephen Panigel filed this action against defendants James Dean, Andrea Bonella, Dolores King, William J. Hirten Co. LLC, HMH Religious Manufacturing Co., Inc., Mario Bonella, Gianfranco Bonella, Fratelli Bonella, s.r.l., and "John Doe" and "Jane Doe," d/b/a Fratelli Bonella, s.r.l., alleging various common law and state and federal statutory violations arising out of a contractual relationship to market and distribute religious artwork.

Presently pending before the Court is defendants' motion for a Protective Order. For the reasons stated below, the Court denies defendants' motion, without prejudice to refiling in accordance with the discussion herein.

BACKGROUND

According to the Complaint, Mario Bonella and Gianfranco Bonella are the owners of the copyright and all reproduction and retouching rights for the "Bonellas Line" of religious artwork (the "artwork"), and have operated their business under the "auspices of defendant Fratelli

1

Bonella, [s.r.l.]" (Compl.[1] ¶¶ 17-18). The Complaint alleges that Mario and Gianfranco Bonella entered into an agreement (the "Agreement") designating Gerffert as the "exclusive distributor of artwork published by the said defendants for approximately fifty (50) years." (Id. ¶ 18, Exs. A, B).

The relationship between the parties, however, soon began to deteriorate, and on January 22, 2009, plaintiffs filed this action against Mario and Gianfranco Bonella, alleging a breach of the Agreement by "permitting a firm other than Gerffert, to wit: defendant Hirten, LLC, to sell, market or otherwise distribute their artwork in the United States of America." (Id. ¶ 20). Plaintiffs also asserted additional claims against Mario and Gianfranco Bonella, and the other defendants, which include, inter alia, tortious interference with contract rights (id. ¶¶ 60-63); failure to bargain in good faith/misappropriation/unjust enrichment (id. ¶¶ 81-86); breach of fiduciary duty (id. ¶¶ 87-91); fraud and conversion (id. ¶¶ 94-101); and false advertising under both federal and state law. (Id. ¶¶ 109-70).

Two of the individual defendants, Mario and Gianfranco Bonella, are residents of Italy, and are contemplating a motion to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). During the course of discovery on the question of the extent of Mario and Gianfranco's contacts with New York, plaintiffs requested production of the "Quadriga litigation file" (the "File"), which is alleged to be in the possession of certain third parties. According to the parties, the File contains information related to the "Quadriga litigation," which appears to have been a copyright lawsuit brought by Fratelli Bonella, s.r.l., against Quadriga Art, Inc., that involved, to

---

[1] Citations to "Compl." refer to the Complaint, filed on January 22, 2009.

some degree, both Gerffert and Fratelli Bonella, s.r.l. (Pls.' 4/1/10 Ltr.[2] at 2). Plaintiffs believe that certain information contained in the File may be relevant to establishing personal jurisdiction over Mario and Gianfranco Bonella. Accordingly, plaintiffs served subpoenas duces tecum, which were So Ordered by this Court, on the third parties alleged to be in custody of the File: Arent Fox LLP, and one of its partners, Allen G. Reiter, Esq., and Sonnenschein, Nath & Rosenthal, LLP (collectively, "the objectors"). By letters dated March 25 and 29, 2010, the objectors moved to quash the subpoenas and requested a hearing, arguing that the information sought by the subpoenas is irrelevant to the instant litigation, unduly burdensome to produce, and may be privileged.

Thereafter, on April 14, 2010, the parties and the objectors appeared for a hearing before the undersigned, where the objectors detailed their concerns. After considering the parties' arguments, the Court held the objectors' motions to quash in abeyance to permit defendants, some of whom may have been parties to the Quadriga litigation, the opportunity to produce the File without the need to resort to third party subpoenas. (Tr.[3] at 46).

By letters dated June 4 and 14, 2010, the parties informed the Court that although defendants are ready to produce the File, defendants refuse to do so unless plaintiffs execute a confidentiality agreement or consent to Protective Order, which plaintiffs have refused to sign.

---

[2] Citations to "Pls.' 4/1/10 Ltr." refer to plaintiffs' letter to the Court, filed on April 1, 2010.

[3] Citations to "Tr." refer to the Transcript of Proceedings before the undersigned on April 14, 2010.

DISCUSSION

I. The Parties' Arguments

On June 4, 2010, Kevin Shenkman, Esq., counsel for defendants Andrea Bonella, Mario Bonella, Gianfranco Bonella, and Fratelli Bonella, s.r.l., advised the Court that his clients are ready to produce the requested documents, but that plaintiffs will not agree to an appropriate confidentiality agreement or consent to Protective Order. Defendants argue that they "cannot" produce the requested documents "without an appropriate confidentiality agreement or [P]rotective [O]rder in place governing the treatment of confidential documents." (Defs.' Ltr. Mot.[4] at 1). Defendants are concerned that some responsive documents are of a "confidential and sensitive nature." (Id.) As a result, since plaintiffs have refused to enter into a confidentiality agreement or consent to a Protective Order, defendants have filed the instant motion, which seeks the Court's endorsement of defendants' Proposed Protective Order Governing Confidential Documents (the "Proposed Protective Order"). (Id., Ex. D).

Plaintiffs respond by making three arguments: 1) defendants failed to include a certification in their motion that defendants have made a good faith attempt to resolve the dispute pursuant to "Rule 26(c)(7)" of the Federal Rules of Civil Procedure;[5] 2) defendants waived their opportunity to seek a Protective Order because counsel has not previously raised with the Court

---

[4] Citations to "Defs.' Ltr. Mot." refer to defendants' Motion for a Protective Order, filed on June 4, 2010.

[5] The Court notes that the subdivision of Rule 26 cited by plaintiffs does not exist in the current version of the Federal Rules of Civil Procedure; plaintiffs seem to be referring to Rule 26(c)(1), which requires that a party seeking a protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

4

the possibility of confidential or sensitive documents being produced during discovery; and 3) that the Proposed Protective Order should not be approved because defendants have failed to meet their burden to demonstrate "good cause." (Pls.' Ltr. Resp.[6] at 1-7).

With regard to their third argument, plaintiffs contend that the "[t]he conclusory statements contained in [defendants' motion] are insufficient to make the required showing" of good cause. (Id. at 6). Plaintiffs caution the Court that "granting the movants' request for a blanket [P]rotective [O]rder without any basis in the record for it would be unfair and an abuse of discretion." (Id.) Specifically, plaintiffs argue that defendants have failed to identify any specific documents or information that they seek to protect, thus preventing defendants from satisfying their burden to establish that any "documents or information constitute a 'trade practice, or other confidential research, development, or commercial information' [that] should be protected." (Id. at 5 (quoting Cuno, Inc. v. Pall Corp., 117 F.R.D. 506, 507-08 (E.D.N.Y. 1987)). Additionally, plaintiffs contend that this prevents defendants from establishing that disclosure "would result in sufficient cognizable harm to warrant protection." (Id. (quoting Cuno, Inc. v. Pall Corp., 117 F.R.D. at 507-08 (internal quotations omitted)).

Plaintiffs also object to the specific language contained in the Proposed Protective Order filed by defendants. Plaintiffs argue that the "counsel only" provision is unnecessarily restrictive and burdensome and would "substantially impair [counsel's] ability [to] effectively represent [his] clients." (Id. at 7 & n.9). Plaintiffs also believe that this provision, if included, should identify "Mark Horowitz, Esq." as Gerffert's in-house counsel. (Id. at 7).

---

[6] Citations to "Pls.' Resp." refers to plaintiff's Letter Response to Defendants' Motion for a Protective Order, filed on June 14, 2010.

5

II.     Legal Standard

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). It is well established that the party seeking a protective order has the burden of showing the existence of "good cause." See, e.g., Cumberland Packing Corp. v. Monsanto Co., No. 97 CV 6938, 1998 WL 372395, at *1 (E.D.N.Y. May 7, 1998) (citing In re Agent Orange Prod. Liability Litig., 821 F.2d 139, 145 (2d Cir. 1987)). In determining whether to grant a protective order, courts are instructed to "weigh the private interests advanced against the public interest in judicial documents." Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 505 (E.D.N.Y. 1999) (noting that the public has a "right to 'keep a watchful eye' on the workings of federal courts and the federal courts' need for public accountability") (quoting Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 597-98 (1978)). It follows that, absent "exceptional circumstances," the actions of the federal courts are presumptively open to the public. Id. (internal quotations omitted).


III.    Analysis

Having reviewed the record, including the Proposed Protective Order, the Court Orders the parties to meet and confer on a revised Proposed Protective Order in accordance with the discussion that follows. Although a Protective Order may be proper in this case, the Proposed Protective Order as it is currently drafted is inadequate.

The Court disposes of plaintiffs' first two arguments briefly. Although Rule 26(c)(1) requires a certification, in this instance, the Court will excuse defendants' apparent failure to

comply with the Rule because it is clear from the record that defendants have attempted to confer with plaintiffs in good faith to resolve this dispute but with no success. For example, defendants sought plaintiffs' consent to the Proposed Protective Order, to which plaintiffs' counsel responded as follows: "I am not in a position to agree to a stipulation for a protective order or confidentiality agreement. If you required this, it should have been requested at the conference and/or application to the Court. My position is you waived this remedy." (Pls.' Ltr. Resp. at 2). With respect to plaintiff's second argument that defendants have waived their opportunity to seek a Protective Order, the Court finds this argument to be without merit. Given the complicated procedural history of this dispute over the File, including the uncertainty about whether the File would be produced at all, and the likelihood that the File contains privileged or otherwise sensitive material, there have been no deadlines set for the finalization of a Protective Order and thus no waiver.

The Court now proceeds to plaintiffs' third objection, which relates to the merits of whether a Protective Order should enter, and if so, the appropriate scope of any such Protective Order. Based on a review of the Proposed Protective Order, the Court finds that it runs afoul of the decision in Cumberland Packing Corp. v. Monsanto Co., which rejected a stipulated protective order on the grounds that it "fail[ed] to protect adequately the public interest in accessing judicial documents." 184 F.R.D. at 506. In Cumberland, the district court reversed this Court's endorsement of a stipulated protective order that "cover[ed] the full spectrum of non-judicial and judicial documents, ranging from all discovery material to trial testimony and evidence." Id. The district court found that the standard provided for in the agreement to designate material as confidential – good faith – was insufficient to adequately protect the

public's interest. Id. In rejecting the stipulated protective order, Judge Nickerson offered the following guidance to the parties:

> [A] party is more likely to be able to establish such good cause if it presents to the court a discrete category of documents and explains why *those* documents should be sealed. Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.

Id. (emphasis in original).

The import of the Cumberland decision is clear: the proponent of a protective order must show "good cause" with respect to each item sought to be shielded from public access; the parties' good faith designation of material as confidential is plainly insufficient. Id.

In this case, it is apparent that the Proposed Protective Order falls short of adequately protecting the public's interest in open access to judicial documents, since it broadly provides that "[a]ny attorney of record may designate as confidential any non-public, competitively sensitive or proprietary [d]iscovery, including documents or testimony obtained from third parties by any party to this litigation," subject only to the requirement of good faith. (Defs.' Ltr. Mot., Ex. D ¶¶ 1, 1(c)). Additionally, the broad latitude afforded the parties by Paragraph Six of the Proposed Protective Order to file documents with the Court under seal fails to properly protect the public interest. (Id., Ex. D ¶ 6).

The Proposed Protective Order should more specifically define the categories of documents sought to be protected, whether they contain sensitive financial information, trade secrets, or personal private information. It should also more carefully limit the circumstances under which documents may be filed under seal. The Court is Cumberland made it clear that more than good faith is needed to justify the filing of a document under seal when that document

8

is to be considered by the court in connection with a motion. With respect to documents filed with this Court, the parties need to develop a mechanism whereby a party seeking to maintain a document under seal makes an appropriate application to the Court with an explanation as to why good cause exists to maintain this document under seal. In the absence of a more explicit definition of the documents sought to be protected and those permitted to be filed under seal, the Court cannot endorse the Proposed Protective Order as it currently reads, and directs the parties, if they wish, to file a revised Proposed Protective Order that adequately protects the public interest in accordance with the decision in <u>Cumberland</u>.

With regard to the challenge raised by plaintiffs to the designation of certain documents as for "attorney's eyes only," defendants have failed to sufficiently define the types of documents sought to be protected within this category and the reason that these documents should not be shared with the parties themselves. Absent a showing of necessity and the inclusion of sufficient safeguards to protect the public and private interests at stake, the Court will not endorse such a provision.

The parties are cautioned to review the <u>Cumberland</u> decision and fashion a Proposed Protective Order that complies with the district court's concerns in that case.

## CONCLUSION

For the reasons stated above, the Court denies defendants' motion for a Protective Order, without prejudice. Defendants are Ordered, by **July 16, 2010**, to either produce the requested documents, or to file a revised Proposed Protective Order.[7] The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 7, 2010

Cheryl L. Pollak
United States Magistrate Judge

---

[7] Additionally, plaintiffs' request for an extension of the July 16, 2010 discovery deadline is granted.

10